Patrick M. Flatley
United States Bankruptcy Judge

Dated: Tuesday, June 28, 2016 11:32:07 AM

# IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHERYL DENISE PHARES, ) | Case No. 15-bk-1252 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| _____ ) | |

## MEMORANDUM OPINION

Shortly after Cheryl Denise Phares ("the Debtor") filed her Chapter 7 bankruptcy petition, her non-filing spouse sued for divorce. The Debtor filed amended schedules to list and exempt anticipated marital assets, some of which are separately titled in her spouse's name.

The Trustee objects to the Debtor's claim of exemptions in her spouse's separately titled property. The Trustee also seeks to prevent the Debtor from participating in the family court property settlement proceedings based on the belief that the Debtor's right to an equitable distribution of marital assets is property of the bankruptcy estate subject to his control.

For the reasons stated herein, the court finds that the Debtor's post-petition divorce action has not created any property right in or to marital assets and has not created property of the estate under 11 U.S.C. § 541(a)(5)(B). The court will therefore deny the Debtor's claim of exemption in potential marital assets and deny the Trustee's request to control the Debtor's equitable distribution proceeding.

### I. BACKGROUND

The Debtor filed her Chapter 7 bankruptcy petition on December 31, 2015. After her bankruptcy petition but before her meeting of creditors, her non-filing spouse petitioned for divorce. The Trustee then requested an amended schedule deadline and a final deadline for claiming exemptions. After notice and an opportunity for a hearing, the court entered its order granting the Trustee's uncontested motion and set March 16, 2016, as the deadline to file amended schedules, including a final list of claimed exemptions.

1

The Debtor timely filed amended schedules.  On the Debtor's Schedule A/B, she lists the following property that appears to be titled in the name of her spouse: (1) a manufactured home, (2) a camp located in Webster County, (3) a time share, (4) 67 acres of land, (5) a 1995 Toyota Tacoma, (6) a 2008 Dodge Neon, (7) a business named Magnum Gas and Oil, LLC, (8) a pension, (9) a state retirement, and (10) one-half of an expected tax refund.

On the Debtor's amended Schedule C, she claims most of these assets as exempt under specific provisions of the West Virginia bankruptcy exemption statute.  For example, the Debtor claims an exemption in her spouse's pension under W. Va. Code § 38-10-4(j)(5), and an exemption in the 2008 Dodge Neon under W. Va. Code § 38-10-4(b).  The family court, however, has not made any determination or entered any order establishing the Debtor's right, title, or interest in any marital property.  Instead, the family court has stayed its equitable distribution proceeding based on the Debtor's bankruptcy filing.

## II. DISCUSSION

The Trustee asserts that the Debtor gained, within 180-days after the Debtor's bankruptcy petition, a contingent claim to an equitable distribution of martial assets that constitutes property of her bankruptcy estate.  He contends that the Debtor may claim an exemption in her post-petition, contingent claim, but not in any specific property that has not yet been awarded by the family court.  The Trustee also seeks a declaration that he controls the settlement and litigation process for the Debtor's equitable distribution claim.

Whether the Trustee possesses the authority to litigate the equitable distribution proceeding in state court depends on whether the claim for equitable distribution is property of the bankruptcy estate.  Section 323 of the Bankruptcy Code provides that the trustee is the representative of the estate and grants the trustee the authority to litigate matters relating to the estate.  11 U.S.C. § 323, *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997) ("Once appointed, the trustee becomes the estate's proper party in interest . . . .").  The trustee also has the duty to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(1).  "[I]n actions brought by the trustee as successor to the debtor's interest under § 541, the 'trustee stands in the shoes of the debtor and can only assert those causes of action possessed by the debtor.'" *Official Comm. Of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 356 (3d Cir. 2001) (quoting *Hays & Co. v. Merrill Lynch, Inc.*, 885 F.2d 1149, 1154 (3d Cir. 1989)).  However, because the trustee serves as the representative of the

bankruptcy estate, a determination regarding what property is within the estate is essential. *Nat'l American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

As defined by statute, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It also includes property that is later acquired by the estate, § 541(a)(7), and marital assets that a debtor is "entitled to acquire" within 180 days of the bankruptcy petition. § 541(a)(5)(B). What constitutes property of the estate is to be interpreted broadly. *United States v. Whiting Pools*, 462 U.S. 198, 204-05 (1983). "In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992).

Under West Virginia law, a spouse has no interest, before, during, or upon dissolution of a marriage to the separate property that the other spouse brought into the marriage. W. Va. Code § 48-1-237; M*cComas v. McComas*, 358 S.E.2d 217, 221 (W. Va. 1987).

Once married, however, spouses accumulate "martial property," which is generally defined as all property and earnings acquired by either spouse during the marriage. W. Va. Code § 48-1-233. This definition of marital property has no application outside of West Virginia's domestic relations law. *Id.* It does not alter the common law as to the ownership of the respective property and earnings of spouses. *Id.* Thus, during a marriage, one spouse may not have an ownership claim to property titled in the name of the other spouse even if such property might be marital property in a future equitable distribution proceeding. *E.g.*, *United States v. Two Real Props.*, No. 1:06-0532, 2009 LEXIS U.S. Dist 89702 at *20 (S.D.W. Va. Sept. 29, 2009) ("[M]arried persons can own real property acquired during the marriage solely in their own name and can transfer such real property without the necessity of the other spouse's approval because the non-owner spouse does not have a present, vested interest in the real estate that is titled solely in the name of the other spouse."); *Harris v. Crowder*, 322 S.E.2d 854, 861 (W. Va. 1984) ("[A] wife's property is not liable for her husband's individual debts.").

While married, a spouse's potential expectancy in marital assets generally does not constitute property of a bankruptcy estate and is therefore not an exemptible interest. *E.g.*, *In re Hampshire*, 505 B.R. 668 (Bankr. E.D. Pa. 2014) ("[P]rior to the vesting of a spouse's equitable distribution rights, a debtor has no present interest in his or her spouse's separate property for purposes of claiming an exemption."); *In re Hortsman*, 276 B.R. 80, 82 (Bankr. E.D.N.C. 2002) ("[A spouse's] ownership interest necessary to support application of an exemption must be an

3

actual property interest, not a theoretical or potential interest."); *In re Greer*, 242 B.R. 389, 395 (Bankr. N.D. Ohio 1999) ("[M]arriage alone does not confer upon a spouse an interest in the other spouse's separately titled property."); *see also Wornick v. Gaffney*, 544 F.3d 486, 490 (2d Cir. 2008) ("[T]he revocable beneficiary of a life insurance policy has a mere expectancy or . . . an inchoate right [in the policy] . . . . The beneficiary has no legal or equitable interest in the policy that could be made part of the property of the beneficiary's bankruptcy estate.").

In petitioning for divorce, a spouse gains access to a legal proceeding whereby "marital property" may be divided. W. Va. Code § 48-5-610 (providing that in awarding a judgment of divorce, the court "shall order . . . a just and equitable distribution of . . . property and . . . protect the equitable interests of the parties therein."). As to third parties, a divorce proceeding and its concomitant equitable distribution proceeding "shall be construed as creating no interest or title in property until and unless an order is entered . . . judicially defining such interest or approving a separation agreement which defines such interest." W. Va. Code § 48-7-108.

In this case, when the Debtor filed the bankruptcy petition, she was still married and did not have a general ability to claim exemptions in property owned by her spouse. Consonant with 11 U.S.C. § 541(a)(1) and its interpreting case law, *supra*, assets that might become marital assets upon entry of a divorce decree were not part of her bankruptcy estate because the Debtor had no legal or equitable claim to them when she filed bankruptcy. Because they were not part of her bankruptcy estate as of her petition date, her bankruptcy estate had no right to acquire marital property that might come into existence at a later time. § 541(a)(7) (providing that bankruptcy estate also includes "[a]ny interest in property that the estate acquires after the commencement of the case."); *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512, 524 (5th Cir. 2014) ("[Section] 541(a)(7) . . . is limited to property interests that are themselves traceable to 'property of the estate'").

Under 11 U.S.C. § 541(a)(5)(B), property of the bankruptcy estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes *entitled to acquire* within 180 days after such date . . . (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree." (emphasis added).

Here, however, Debtor and her spouse are still married. They will continue to be married until such time as the family court issues a divorce. W. Va. Code § 48-1-221 ("'Divorce' means the judicial termination of a marriage contract . . . . A divorce is established by the order of a family court or circuit court that changes the status of a husband and wife to that of single persons."). "While the court in a divorce proceeding may in an interlocutory order properly determine the status of the property of the parties, their rights therein, and how the property ought to be assigned ultimately, the actual division of the property cannot be made until the final decree is granted, and an order in a divorce suit as to the disposition or restoration of property can become effective only upon entry of a final decree." *Caldwell v. Caldwell*, 350 B.R. 688, Syl. Pt. 1 (W. Va. 1986).

In fact, the West Virginia Code specifically states that no interest in or title to martial property is created, and a spouse may alienate property, in advance of judgment. W. Va. Code § 48-7-108. The mere institution of a revocable divorce proceeding within 180 days of filing bankruptcy is insufficient to transform the pre-petition, inchoate, unvested, contingent right to seek an equitable division of martial assets between spouses into an entitlement to acquire marital assets. West Virginia law provides that the filing of a petition for divorce by itself does not entitle a debtor to acquire any property.

Cases in other jurisdictions support the court's conclusion that an unvested, contingent claim to martial assets, which creates no right, title or interest in third parties, W. Va. Code § 47-7-108, and which solely concerns the parties to the marriage contract, § 48-7-103, is not an entitlement to acquire property under 11 U.S.C. § 541(a)(5)(B). *E.g.*, *Kane v. Kane*, Case No. 08-5633, 2009 U.S. Dist. LEXIS 91504 at *13-14 (D.N.J. Sept. 30, 2009) (holding that a post-petition equitable distribution claim that has not been finalized within 180 days of the petition date is not an asset of the bankruptcy estate); *Burdick v. O'Leary (In re O'Leary)*, No. 04-45093, Adv. Proc. No. 07-4039, 2007 Bankr. LEXIS 2062 (Bankr. D. Mass. June 18, 2007) (holding that for an estate to acquire an interest in property under § 541(a)(5)(B), the property settlement must be pursuant to a final decree; it is not sufficient that the debtor file for divorce within 180 days of filing bankruptcy); *In re Sauro*, No. 05-40202, 2008 Bankr. LEXIS 1774 at * (Bankr. D.N.J. May 30, 2008) (holding that the non-filing spouse's interest in property sold by the trustee was not subject to bankruptcy estate administration under the trustee's theory that the debtor's estate held a unvested, contingent claim for equitable distribution); *Cooper v. Frederes*, 141 B.R.

289, 292 (Bankr. W.D.N.Y. 1992) (holding that a right to an equitable distribution of marital assets – which existed before the bankruptcy petition was filed – was not a property interest of the bankruptcy estate because it was only the final decree of divorce that establishes a property interest); *cf.*, *In re Kooi*, 547 B.R. 244, 249 (Bankr. W.D. Mich. 2016) (holding under Michigan law that when a divorce is filed before a bankruptcy petition, property of the estate includes the contingent interest in any marital distribution settlement under 11 U.S.C. § 541(a)(7) and § 541(a)(5)(B) "is not material."); *Savage v. Camardo (In re Savage)*, Adv. Proc. No. 12-7033, 2013 Bankr. LEXIS 2756 (Bankr. E.D. Va. July 9, 2013) (finding that the debtor executed a final separation agreement before filing bankruptcy, and rights under that final agreement became property of the debtor's bankruptcy estate); *Bohm v. Radinick*, 419 B.R. 291, (W.D. Pa. 2009) (holding that under Pennsylvania law, the right to an equitable distribution vests immediately upon the initiation of a divorce action coupled with a request for equitable distribution: "The only way that the marital interest of a debtor who files for divorce in Pennsylvania will not become bankruptcy estate property is if such debtor refrains from filing for divorce . . . until after such debtor first commences such debtor's bankruptcy case.").

### III. CONCLUSION

For the above-stated reasons, the court will enter a separate order that sustains the Trustee's objection to the Debtor's claim of exemption in potential assets of her marital property because a claim of exemption in non-estate property is unnecessary. Similarly, the court will also deny the Trustee's request for a declaration that he be able to control the equitable distribution proceeding to the exclusion of the debtor as moot given that he cannot administer non-estate property.